IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DMITRIY VLADIMIROVIC GONCHAR,

        Petitioner,

vs.                                                  Civil No. 17-cv-089-DRH-CJP

DAMON ACUFF,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Gonchar filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging his detention by Immigration and Customs Enforcement (ICE). Now before the Court is respondent's motion to dismiss petition for writ of habeas corpus as moot (Doc. 19).

### Relevant Facts and Procedural History

Petitioner is in this country illegally, and is subject to a final order of removal. He was detained in ICE custody awaiting removal to Ukraine when he filed his petition. The §2241 petition asserts that petitioner's continued detention is unlawful because he has been detained longer than the presumptively reasonable period of six months set by *Zadvydas v. Davis*, 121 S. Ct. 2491 (2001). The relief sought is release from custody.

Respondent argues that the petition is moot because petitioner has now been released on an order of supervision. (Doc. 19, Ex. 1).

### Analysis

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a

1

prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 118 S. Ct. 978, 983 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot.

However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal citation omitted).

The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). That is the situation here. Petitioner has received the relief sought, i.e., release from ICE custody.

## Conclusion

Respondent's motion to dismiss petition for writ of habeas corpus as moot (Doc. 19) is **GRANTED**. Petitioner's Motion for Appointment of Counsel (Doc. 11) and Motion to Supplement (Doc. 12) are **DENIED as moot**. This action is **DISMISSED WITHOUT PREJUDICE** and the Court **CLOSES** the file.

**IT IS SO ORDERED.**

Digitally signed by
Judge David R. Herndon
Date: 2017.11.06
10:06:21 -06'00'

**UNITED STATES DISTRICT JUDGE**